## CIRCUIT COURT OF THE CITY OF RICHMOND

Jennifer Helton

    v.

University of Richmond

January 7, 1985

Case No. N-1141-5

By JUDGE MELVIN R. HUGHES, JR.

In this proceeding, plaintiff, a third year student at Westhampton College of the University of Richmond, seeks an injunction restraining her suspension for one semester and ordering a retrial under the school's Honor Code system.

Both parties agree that no Virginia case has decided that, as a matter of contract, enrolling in a private institution of higher learning obligates the college to comply with provisions of Honor Code procedure for determining violations. Whether plaintiff's claims should be considered on the basis of contract, the law of associations or a duty to comply with the procedures it represents will be afforded as a matter of fairness, it is the Court's opinion that plaintiff has established her right to the relief prayed for here. Tedeschi v. Wagner, 49 N.Y.2d 652, 404 N.E.2d 1302, 1306. Of the five areas of Honor Code procedure plaintiff sought to prove were violated, the one involving the right to select the membership of the hearing panel from the Honor Council merits the relief plaintiff seeks here.

Article 6 of the Westhampton Honor statute speaks of the "accused . . . right to choose eight council

members to try the case." The evidence revealed that while the rights relating to procedures in Honor Council cases were read to plaintiff, demonstrating bias on the part of any persons named on a partial list of council members was required. Choosing from a field of fourteen or more prospective members to arrive at eight to try the case and mounting a challenge to any of a field of seven or nine of the fourteen or more to get eight to try the case are two different propositions. The latter is not consistent with the language which is instinct with the notion of a threshold, primary right in the proceedings.

While the evidence shows non-compliance in this regard, it is important to note that this Court does not find any malice, intent, or gross disregard of rights under the Honor Code by plaintiff's fellow students or the College. Nor should the result here contemplate a strict judicial scrutiny in this field of the kind reserved by the Courts in criminal prosecutions and proceedings. It should also mean that Courts should not be a super Honor Council for the College or that Courts should evaluate such school cases on the same basis as contracts in the realm of commerce.

What this Court seeks is to reinforce and underscore the Honor System affirming rights provided and adding guidance on their implementation when questions are raised in judicial proceedings based on them. It would not be inappropriate to have a student sign a form waiving the right to choose. The Council could provide the student with a form list of names of its members for checking and a signature thereby providing evidence of the students affirmative designation of the members of the hearing panel. These suggested procedures are in no way mandated, but serve to illustrate the nature of the right provided in Article 6 as one which is affirmative in nature as opposed to one which is passive and suggests a presumption of choice which can only be defeated by raising evidence of bias or prejudice on the part of suggested named persons.